# FROSS ZELNICK LEHRMAN & ZISSU, P.C.

ALVIN FROSS
RONALD J. LEHRMAN
STEPHEN BIGGER
MICHAEL I. DAVIS
ROGER L. ZISSU
MARIE V. DRISCOLL
RICHARD Z. LEHV
DAVID W. EHRLICH
SUSAN UPTON DOUGLASS
JANET L. HOFFMAN
PETER J. SILVERMAN
LAWRENCE ELI APOLZON
BARBARA A. SOLOMON
LISA PEARSON
MARK D. ENGELMANN
NADINE H. JACOBSON
ANDREW N. FREDBECK
GEORGES NAHITCHEVANSKY
CRAIG S. MENDE
PATRICK T. PERKINS
J. ALLISON STRICKLAND

866 UNITED NATIONS PLAZA
AT FIRST AVENUE & 48TH STREET
NEW YORK, N. Y. 10017

TELEPHONE: (212) 813-5900
FACSIMILE: (212) 813-5901
E-MAIL: fzlz@frosszelnick.com

JAMES D. SILBERSTEIN
RUTH E. LAZAR
   COUNSEL

MICHELLE P. FOXMAN
ROBERT A. BECKER
TAMAR NIV BESSINGER
ANGELA KIM
JOHN P. MARGIOTTA
LYDIA T. GOBENA
DIANE B. MELNICK
MICHAEL CHIAPPETTA
DANA BREITMAN
JESSICA MANN
EVAN GOURVITZ
CARLOS CUCURELLA
NANCY C. DICONZA
TANYA FICKENSCHER
ZOE HILDEN
LAUREN J. MANDELL
JAMES D. WEINBERGER
JASON M. VOGEL
VEJAY G. LALLA
DAVID A. DONAHUE

March 14, 2003

**BY FEDEX**

Magistrate Judge Paul R. Grimm
Garmatz Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

Re:   *Cutting Edge Technologies, Inc. v. SportZ International, Inc.*, No S-01-2855 (D. Md.) (Smalkin, *J.*) (Grimm, *Magistrate J.*)
(Our Ref: SPTZ USA TC 02/04336)

Dear Judge Grimm:

We are counsel to defendant SportZ International, Inc. ("SportZ") in the above-referenced action.

On February 11, 2003, your Honor held a telephone conference with counsel for SportZ and for plaintiff Cutting Edge Technologies, Inc. ("CET") during which your Honor directed counsel to provide a copy of the transcript of the January 10, 2003 hearing in this matter before Judge Smalkin. Shortly thereafter, Susan Redpath, a legal assistant of SportZ's local counsel, Semmes, Bowen & Semmes, contacted the Court Reporter, Paul Mackaro, and requested that he prepare a transcript. Mr. Mackaro declined, however, stating that he could not prepare a transcript because certain portions of the hearing, namely, those portions during which plaintiff's witness Yuri Polland referred to plaintiff's exhibits, were inaudible. My associate and I contacted Mr. Mackaro on February 26, 2003 and again asked that he prepare a transcript. Mr. Mackaro again declined, stating that he needed a copy of plaintiff's exhibits to prepare the transcript because Ms. Polland's references to those exhibits were impossible to decipher without reference to the actual exhibits. Mr. Mackaro also stated that when a representative of plaintiff's counsel called him after the hearing and requested a transcript, Mr. Mackaro told her that he could not prepare a transcript without plaintiff's exhibits. The representative said she would get back to him, but never followed through on her promise.

By way of background, during the hearing on CET's own motion, to our surprise, CET introduced new exhibits that had not been attached to its motion papers or previously provided to SportZ. Because Judge Smalkin announced at the beginning of the hearing that the hearing would last only one hour, and not the four hours indicated in his order, I did not interpose an objection to CET's use of the new exhibits. To our further surprise, at the conclusion of the

Magistrate Judge Paul R. Grimm
March 21, 2003
Page 2

hearing, CET's counsel demanded that all its exhibits be returned, including those held by the Court Reporter. As a result, according to the Court Reporter, he cannot and will not prepare a transcript because he wants the transcript to be accurate.

By email dated March 12, 2003, I asked CET's counsel to make the exhibits available to the Court Reporter. By email dated March 13, 2003, he refused, stating that retaining these exhibits "was a small consolation since SportZ got to see virtually our entire case …."

Aside from whether the "trial by ambush" technique advocated by opposing counsel is consistent with the spirit of the Federal Rules of Civil Procedure, his unwillingness to provide access to the Court Reporter is impeding the Court's and the parties' ability to obtain a transcript. For our part, this is extremely prejudicial, since plaintiff's officers' testimony at the hearing contains admissions that we believe significantly undermine plaintiff's claim for damages, separate and apart from any alleged liability.

As a result, SportZ hereby respectfully requests that your Honor issue an order either: (1) directing CET to provide the Court Reporter and SportZ with copies of the exhibits plaintiff relied on at the January 10, 2003 hearing before Judge Smalkin; or (2) directing the Court Reporter to prepare a transcript without the benefit of CET's exhibits.

Respectfully submitted,

Patrick T. Perkins

Enclosure
cc:   David A. Donahue, Esq.
      Gregory A. Krauss, Esq. (by Fedex)
      Robert E. Scott, Jr., Esq. (by Fax)
      Paul Mackaro, Court Reporter (by First Class Mail)