**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Northern Division*

|  |  |  |
|---|---|---|
| **CUTTING EDGE** | * | |
| **TECHNOLOGIES, INC.,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: WDQ-01-2855 |
| **NOSYUIAIDO,** | * | |
| Defendant. | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Pending before this Court is Bradley Anderson's Response in Opposition to Writ of Execution and Claim for Property, ECF No. 57, which is a motion for release of property pursuant to Md. Rule 2-643(e), as discussed below ("Motion");[1] the Response to Mr. Anderson's Motion that Plaintiff/Judgment Creditor Cutting Edge Technologies, Inc. ("Cutting Edge" or "CET") filed, ECF No. 58, in which Cutting Edge requests discovery in aid of execution, as permitted by Md. Rule 2-633; and Mr. Anderson's Reply, ECF No. 61.[2] For the reasons stated

---

[1] By filing his Motion in this Court, Mr. Anderson submitted to the personal jurisdiction of this Court. *See Colin v. Walther & Larkin, LLP*, No. RDB-03-1434, 2003 WL 23978362, at *2 (D. Md. Aug. 22, 2003) ("Jurisdiction can be established . . . if it can be shown that the defendant . . . 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws.'") (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)), *aff'd*, 92 Fed. App'x 965 (4th Cir. 2004).

[2] On September 14, 2011, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Quarles referred this case to me to "[o]rder[] and conduct supplementary proceedings in accordance with Md. R. Proc. 2-633." ECF No. 59.

below, Cutting Edge's request for discovery in aid of execution is GRANTED, and Mr. Anderson's Motion is DENIED WITHOUT PREJUDICE. This Memorandum Opinion and Order disposes of ECF Nos. 57, 58, and 61.

## I.     BACKGROUND

In the underlying lawsuit, after concluding that Defendant Nosyuiaido breached its contract with Cutting Edge and "attempt[ed] to engage in unfair competition with Plaintiff," the Court granted default judgment in Cutting Edge's favor. *See* Mar. 15, 2002 Order, ECF No. 58-3. The Court amended its Default Judgment Order to include a monetary judgment in the amount of $1,545,338.40 in Cutting Edge's favor. Mar. 22, 2002 Order, ECF No. 58-4.

Under the belief that Mr. Anderson would be selling Defendant's products on consignment and in an attempt to collect on its judgment, Cutting Edge requested that a Writ of Execution be served on Mr. Anderson. Pollard Aff. ¶ 15. According to Cutting Edge, "[o]n July 30, 2011, the United States Marshall's [sic] Office served CET's Writ of Execution on Mr. Anderson along with a Notice and other related documents and then seized Nosyuiaido's swords and accessories in Mr. Anderson's possession." *Id.* ¶ 16. Mr. Anderson agrees that the U.S. Marshal seized "practice swords, and related accoutrements, used in iaido, a Japanese martial art," on that date. Anderson's Mot. 1. Mr. Anderson also agrees that he received the Writ, although he contends that he was shown "a document entitled Instruction for Writ of Execution" at the time of the seizure, and that he was not shown the actual Writ of Execution until after he requested it. *Id.* at 2. Moreover, he insists that the property was his and that the seizure "was predicated on the false assumption that [he] was selling equipment for Nosyuiaido on a consignment basis." *Id.* Mr. Anderson argues that, "had the actual Writ been available to [him] at the time of the seizure, [he] would have pointed out that none of the trade goods in [his]

possession had been manufactured by the company targeted by the writ." *Id.*  On that basis, he "ask[s] that all the seized goods be returned immediately in undamaged condition." *Id.*

Cutting Edge maintains that Defendant and the business that manufactured the goods seized from Mr. Anderson are one and the same.  Pl.'s Response ¶¶ 5 & 23.  Further, it asserts that "Mr. Anderson's statement [on his website] that he would be selling swords and accessories for [Defendant] at his seminar is in keeping with industry practices that a vendor normally sells a manufacturer's swords and accessories on consignment." *Id.* ¶ 13.  Thus, Cutting Edge argues that the items seized were the property of Defendant. *Id.* ¶¶ 15 & 22.  Cutting Edge insists that "Mr. Anderson should be required to produce invoices and other documentary evidence under oath before his bald and contradictory assertions are taken seriously and an evidentiary hearing is set in this matter," and "[a]ssuming that Mr. Anderson produces some evidence that he did in fact pay for the goods, CET should be given an opportunity to depose him and review his bank records to make sure they coincide with his alleged invoices." *Id.* ¶¶ 24-25.

In reply, Mr. Anderson attaches affidavits from Teruo Miwa of Temtec SG Corporation, from whom Mr. Anderson obtained products; Junko Tanaka, representative and director of Nosyudo[3] Yugen Kaisha; Keiji Igarashi, owner of Nosyuiaido Yugen Kaisha; and Mr. Anderson himself, as well as invoices and a PayPal receipt. Anderson's Reply Ex. 1-8, ECF Nos. 61-1 – 61-8.  The affiants all attest that Mr. Anderson has not done business with Defendant. *Id.* Ex. 1-4.

---

[3] Cutting Edge and Mr. Anderson's filings refer to Nosyuiaido, Nosyudo, Nosyiuiaido, and other alternate spellings, sometimes followed by "Yugen Kaisha."  It is unclear which spellings are intentional and which, if any, are typographical errors.  It is also unclear whether all spellings refer to one company, as Cutting Edge alleges, or more than one company, as Mr. Anderson insists.

## II. DISCUSSION

A writ of execution is a "subcategor[y] of writs of attachment." *Geoghegan v. Grant*, No. DKC-10-1137, 2011 WL 673779, at *7 n.5 (D. Md. Feb. 17, 2011). It "is issued by the court and directs the sheriff to levy upon property of a judgment debtor to satisfy a money judgment." *Id.* Thus, a writ of execution is a means of enforcing a money judgment. Fed. R. Civ. P. 69(a)(1).

State procedures govern the enforcement of a writ of execution. *See id.* ("The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."). Because no federal statute applies to writs of execution, Md. Rules 2-641 – 2-649 govern.

Maryland Rule 2-643 pertains to the release of property from levy following the execution of a writ. Mr. Anderson filed his Motion pursuant to Md. Rule 2-643(e), which provides:

> A person other than the judgment debtor who claims an interest in property under levy may file a motion requesting that the property be released. The motion shall be served on the judgment creditor and, if reasonably feasible, on the judgment debtor. If the judgment debtor is not served and does not voluntarily appear, the claimant shall file an affidavit showing that reasonable efforts have been made to ascertain the whereabouts of the judgment debtor and to provide the judgment debtor with notice of the motion. The court may require further attempts to notify the judgment debtor. The judgment creditor or the judgment debtor may file a response to the motion.

However, Mr. Anderson has not filed an affidavit showing that he made "reasonable efforts . . . to ascertain the whereabouts of the judgment debtor and to provide the judgment debtor with notice of the motion." *See* Md. Rule 2-643(e). Moreover, Mr. Anderson has not demonstrated a sufficient factual basis for his assertion that the property is his, particularly in the face of Cutting

4

Edge's responses to his contentions. Because the Court has not received sufficient evidence to determine the ownership of the property conclusively, Mr. Anderson's Motion is DENIED WITHOUT PREJUDICE to refiling as set forth below.

Cutting Edge responded to Mr. Anderson's Motion, pursuant to Md. Rule 2-643(e), and as noted, it requested discovery in aid of execution. Pl.'s Response ¶¶ 24-25. Fed. R. Civ. P. 69(a)(2) provides that, "[i]n aid of the judgment . . . , the judgment creditor . . . may obtain discovery from any person . . . as provided in these rules or by the procedure of the state where the court is located." The governing state rule, Md. Rule 2-633(a), provides that "[a] judgment creditor may obtain discovery to aid enforcement of a money judgment (1) by use of depositions, interrogatories, and requests for documents, and (2) by examination before a judge or an examiner as provided in section (b) of this Rule." Cutting Edge may seek discovery, through interrogatories, document production requests, and a deposition, from Mr. Anderson during the next ninety (90) days. Mr. Anderson shall have thirty (30) days to respond to Cutting Edge's interrogatories or document production requests. Further, following discovery, Mr. Anderson may refile his Motion for release of his property. Any renewed motion he files, however, must be accompanied by an affidavit describing the efforts he made to notify Defendant of the renewed motion. *See* Md. Rule 2-643(e).

A status report is due from Cutting Edge within one hundred and twenty (120) days of the date of this Memorandum Opinion and Order. Upon receipt of the status report, the Court will set the matter in for a hearing. The status report should indicate (1) how long Plaintiff's Counsel anticipates needing to present evidence and argument in the evidentiary hearing, and (2) the number of witnesses and quantity of documents Counsel anticipates presenting at the hearing. Mr. Anderson should submit the same, as Mr. Anderson will be required to demonstrate a factual

5

basis for any claim he asserts to the property. Additionally, the property shall be maintained and properly preserved and not sold to any third party until the Court resolves the question of its ownership.

Dated: <u>October 26, 2011</u>                                         <u>      /S/           </u>
                                                                       Paul W. Grimm
                                                                       United States Magistrate Judge

lyb